## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELISSA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-21-00955-PRW |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLIE ROGERS, MIKE ELROD, and | ) | |
| LISA ERIKSON ENDRES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>ORDER</u>

On October 6, 2021, Plaintiff Melissa Phillips, proceeding pro se, filed an Amended Complaint (Dkt. 4) against Pittsburgh County Commissioner Charlie Rogers, Pittsburgh County Commissioner Mike Elrod, and Assistant General Counsel in the Office of General Counsel Lisa Endres, in their individual capacities alleging claims under 42 U.S.C. § 1983 and Oklahoma state law. Now before the Court are two motions to dismiss, the first by Defendants Charlie Rogers and Mike Elrod (Dkt. 11) and the second by Defendant Lisa Endres (Dkt. 37). Defendants argue that the Amended Complaint should be dismissed in its entirety because Plaintiff failed to plausibly state claims against any of them in their individual capacity. For the reasons outlined below, the Court **GRANTS** the motions to dismiss as to all federal claims only, and **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims.

*Background*

Plaintiff's allegations appear to stem from road maintenance on or near Rockbend Road, which was allegedly performed by Pittsburg County officials at the direction of Defendant Rogers.[1] Throughout her Amended Complaint, Plaintiff accuses Defendants Rogers and Elrod of colluding with Defendant Endres to fund and carry out said roadwork. She does not otherwise explain their respective involvement in facilitating the project. Plaintiff maintains that a "private road" near her property was damaged as result of this county project and claims this constitutes an unconstitutional taking of land and a trespass, amongst other things. But she also does not purport to own the road she claims was damaged. Nor does she allege that the construction otherwise damaged any of her property. Unrelatedly, Plaintiff also claims that Defendants Elrod and Rogers discriminated against her but alleges no specific facts in support of such claims.

*Legal Standard*

In reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] While a complaint need not recite "detailed factual allegations," "a formulaic recitation of the elements of a cause of action will not do."[3] The pleaded facts must

---

[1] At this stage of the proceedings, the Court accepts non-movant's well-pleaded allegations as true, so the account presented in this section reflects Plaintiff's allegations.

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

establish that the claim is plausible.[4] And while pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,[5] the Court will not assume the role of advocate for the pro se litigant.[6] Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

### *Discussion*[7]

From the face of the Amended Complaint, Plaintiff attempts to present both federal and state law claims based on Defendants' alleged involvement in the county road construction project. She asserts various 42 U.S.C. § 1983 claims against Defendants for

---

[4] *Id.*

[5] *Haines v. Kerner*, 404 U.S. 519, 520−21 (1972).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] The Court notes that Defendants have attached to their motions various exhibits that are central to the arguments set forth in the Amended Complaint and other public records which indicate that the damaged road at issue was a public road, rather than a private road. It is well-established that when a party refers to documents central to its argument in a complaint and a defendant then attaches those documents to a motion to dismiss, "district courts have discretion in deciding whether to consider such materials" without converting the motion to one for summary judgment. *See Pragar v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). Moreover, a "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)); *Banco Santander de P.R. v. Lopez-Stubbe*, 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment."). Thus, as a preliminary matter, the Court declines to convert the motions to dismiss into motions for summary judgment but will consider the attached exhibits for the purpose of deciding the motions.

allegedly damaging, and thereby "taking," private property without providing just compensation in violation of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Her Amended Complaint also includes cursory reference to discrimination by Defendant Rogers and Elrod which, when construed liberally, could perhaps implicate a violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. In addition to her federal claims, Plaintiff asserts various state law tort claims for trespass, intentional infliction of emotional distress, and defamation.

But in both motions to dismiss, Defendants correctly point out that the Amended Complaint contains few specific factual allegations to support such claims, as most of Plaintiff's assertions are vague and conclusory in nature. Because bald assertions and legal conclusions, standing alone, do not satisfy pleading standards, Defendants argue that all federal and state claims must be dismissed. Defendants also maintain that they are entitled to qualified immunity, barring any conceivable § 1983 claims alleged here. And to the extent any remaining tort claims survive and are considered timely, Defendants ask this Court to decline to exercise supplemental jurisdiction over them.

The Court agrees with Defendants that Plaintiff has not stated a § 1983 claim upon which she may obtain relief. To establish a § 1983 claim against public official, Plaintiff must sufficiently plead both that they acted under color of state law and that there was "some form of personal involvement on the part of the individual defendants."[8] It is not

---

[8] *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (citing *Coleman v. Turpen*, 697 F.2d 1241, 1246 n.7 (10th Cir. 1982)).

4

enough for Plaintiff to "show a defendant was in charge of other state actors who actually committed the violation."[9] She must "establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'"[10]

Even accepting her nonconclusory facts as true, Plaintiff fails to state a plausible claim pursuant to 42 U.S.C. § 1983 because her Amended Complaint, amongst other things, does not identify or describe the actions of officials she seeks to hold personally liable. As to the federal takings claim, Plaintiff vaguely suggests that Defendants authorized and funded a county roadwork project near Plaintiff's property, purportedly causing damage to a nearby road. She does not otherwise clarify what sort of personal involvement any or all Defendants had or what sort of deliberate, intentional acts any or all of them took to facilitate the project or any alleged constitutional violations that resulted.[11] The Court need not speculate as the burden rests on the Plaintiff to provide fair notice of the grounds for the claims made against each of the Defendants. And at present, Plaintiff's generalized allegations do not meet this burden.

Moreover, any alleged involvement in carrying out the roadwork project does not appear to constitute an unconstitutional taking of property or denial of due process anyway.

---

[9] *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).

[10] *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996)).

[11] *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (explaining that in § 1983 cases, where the defendants are a "government agency and a number of government actors sued in their individual capacities[,] . . . the complaint [must] make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

It is generally "a property owner" that is entitled to compensation "as soon as the government takes [her] property without paying for it."[12] And although Plaintiff maintains that she was not compensated for the purported damage to the "private road," she also does not claim to own that road. The Amended Complaint is otherwise devoid of any discernable factual allegations which might indicate that any of her private property was actually damaged or "taken" by the county officials. Thus, for these reasons, the Court finds that the Amended Complaint fails to state a § 1983 claim for taking of property under either the Fifth or Fourteenth Amendments, and as such, these claims are dismissed.

Plaintiff's § 1983 discrimination claims against Defendant Elrod and Rogers likewise fail for similar reasons. She claims she was subjected to discrimination when she complained to county officials about the roadwork, which she maintains is in line with Defendant Rogers' alleged "history of gender discrimination."[13] Beyond that, the Amended Complaint states that Defendants "[gave] away public land to private citizens in gross discrimination against plaintiff, gender, ethnicity and disability."[14] The Amended Complaint again neither clarifies each Defendant's personal involvement in the alleged discrimination nor describes any acts actually taken by them. Plaintiff also does not contend that any Defendant treated her differently from anyone else or was motivated by some class-based discriminatory intent sufficient to make out a plausible equal protection

---

[12] *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2170 (2019).

[13] Am. Compl. (Dkt. 4) at 9.

[14] *Id.* at 3.

claim under § 1983. As such, Plaintiff fails to place Defendants on fair notice as to any federal discrimination-based claims. These claims accordingly must be dismissed too.

Only Plaintiff's state law claims thus remain. And the pretrial dismissal of all federal claims—leaving only state-law claims—"generally prevents a district court from reviewing the merits of the state law claim[s]."[15] This is not an inflexible rule, as a district court has discretion to adjudicate the merits of the state-law claims when "the values of judicial economy, convenience, fairness, and comity" indicate that retaining jurisdiction over the state-law claims would be appropriate.[16] But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[17] After considering the relevant factors, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

### Conclusion

The Court finds that Plaintiff has failed to plausibly state a § 1983 claim of against Defendants for which she can recover. Accordingly, as to Plaintiff's federal claims, the Motions to Dismiss (Dkt. 11 & 37) are **GRANTED** and said claims are therefore

---

[15] *McWilliams v. Jefferson Cnty.*, 463 F.3d 1113, 1117 (10th Cir. 2006); *see also* 28 U.S.C. 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over state-law claims if "the district has dismissed all claims over which it has original jurisdiction").

[16] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349−50 (1988).

[17] *Id.* at 350 n.7.

**DISMISSED WITHOUT PREJUDICE**. The Court **DECLINES** to exercise jurisdiction over the remaining state law claims.

      **IT IS SO ORDERED** this 31st day of May 2022.

                                     _____
                                       PATRICK R. WYRICK
                                       UNITED STATES DISTRICT JUDGE